# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PANTHER MOUNTAIN LODGE, INC.,** | : | |
| | : | **Civil No. 3:08-CV-755** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WAYMART WINDFARM, L.P.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

**I.  INTRODUCTION**

This action was commenced on March 14, 2008, when Panther Mountain Lodge, Inc. ("Panther Mountain" or "Plaintiff") filed a complaint in the Court of Common Pleas of Lackawanna County seeking to recover certain rental payments claimed to be due for Waymart Windfarm, L.P.'s ("Waymart" or "Defendant") use of Plaintiff's property in connection with a wind energy project.  Waymart subsequently removed the action to this Court on the basis of diversity of citizenship.  Now pending before the Court is Panther Mountain's motion seeking entry of an order compelling Defendant to respond to discovery requests and extending the discovery period and other case-management deadlines in this case for 90 days.  Before addressing the particulars of Plaintiff's motion, the Court will

provide a brief summary of the background of the parties' contractual dealings with one another and the basis for the current lawsuit.

## II. BACKGROUND

This dispute concerns Defendant's use of a certain parcel of land situated in Clinton Township, Wayne County, Pennsylvania (the "Property"). Plaintiff owns the Property in fee.[1] On or about October 28, 2004, Plaintiff and Defendant entered into a written agreement that granted Defendant an easement to engage in certain wind energy projects on the Property. (Am. Compl. ¶ 6; see also Doc. 53, at 2.) In connection with this easement agreement, Plaintiff alleges that it consented to the construction and existence of an operations and maintenance building ("O&M Building") on the Property, but contends that Defendant was not actually granted the right to use and occupy the structure. (Am. Compl. ¶ 8.) It appears that the easement agreement provided that Defendant was to pay Plaintiff rent in the amount of $7,800, which Plaintiff claims represented only the cost for stationing windmills on the Property and did not include or represent the fair rental

---

[1] Defendant indicates that it formerly owned the Property, and entered into an agreement with Plaintiff in May 2003, which gave Plaintiff an option to purchase the Property from Defendant. (Doc. 53, at 1.) Defendant represents that Plaintiff subsequently purchased the Property in accordance with the terms of the option agreement.

2

value for the O&M Building.[2] (Id. ¶¶ 9-11.) Plaintiff alleges that Defendant may be using the O&M Building as a corporate headquarters, and further claims that several of Defendant's employees meet and park their vehicles near the O&M Building. (Id. ¶ 11.) Plaintiff contends that such use is contrary to the terms of the easement agreement. Additionally, Plaintiff alleges that the employees and other persons whom Defendant has permitted to enter the Property have increased the use of water on the Property, which is allegedly contrary to the terms of the easement agreement. (Id. ¶ 12.) In addition to these allegations, Plaintiff avers generally that Defendant is in breach of the terms of the easement agreement for a number of assorted reasons. (Id. ¶ 13.)

Plaintiff alleges that the fair rental value for the O&M Building and the land appurtenant thereto is $4,500 per month. (Id. ¶ 14.) Plaintiff claims that prior to commencing this action, it sent demand letters to Defendant on April 5, 2006, and again on September 21, 2006, seeking to compel payment of the rent alleged to be due. (Id. ¶ 15.) When Defendant ignored or otherwise rebuffed these demands, Plaintiff brought suit seeking to recover the amount of fair market rents it claimed were due. In sum, Plaintiff calculates the total rents due – above and beyond those

---

[2] Although the amended complaint does not specify the period for which the $7,800 rental amount is due, the Court surmises that the agreement provided for a monthly rental payment.

amounts actually paid pursuant to the easement agreement – to be $220,500 through November 2008, and asserts that the alleged fair market rent of $4,500 per month is due going forward from December, 2008, onward.

Plaintiff commenced this action on March 14, 2008, and Defendant removed the action to this Court on April 23, 2008. Defendant answered the complaint, and asserted counterclaims against Plaintiff, on April 28, 2008. After Plaintiff answered the counterclaims, the parties engaged in mediation proceedings, which were not successful. (Doc. 9.) On November 14, 2008, Plaintiff filed an amended complaint, which Defendant answered on December 4, 2008, together with a counterclaim.

After the pleadings closed, discovery did not proceed smoothly, as reflected by docket entries showing that Defendant moved successfully to compel Plaintiff to provide complete discovery responses. Defendant also went so far as to petition the Court to sanction Plaintiff for its failure to comply with the discovery rules, though the Court denied this motion following oral argument. (Doc. 35.) This discovery dispute, now ended, has given way to the discovery dispute presently before the Court.

## III. THE CURRENT DISPUTE

Shortly after this action was transferred to the undersigned judicial officer for all pretrial matters, it was Plaintiff that felt constrained to file a motion to compel Defendant to provide more fulsome discovery responses after Plaintiff concluded that it was not receiving sufficient documents and other responses to the discovery it propounded. The motion makes clear that Plaintiff takes issue with Defendant's generalized objections, but in terms of specific relief, the motion appears to request only that the Court enter an order requiring Defendant to respond more fully to requests 8, 9, 10, 11, 12, and 13 in Plaintiff's request for production of documents. Defendant responded to Plaintiff's motion by submitting its answers and objections to Plaintiff's request for documents and interrogatories. Defendant also provided a copy of the privilege log that it prepared, which appears to have been at least one basis upon which nearly 60 pieces of responsive email correspondence were withheld from Plaintiff.[3]

Following its review of the parties' relatively abbreviated submissions in support of and opposition to Plaintiff's motion, the Court addressed the pending dispute with the parties during a conference call on September 14, 2009. During

---

[3] Defendant has now advised the Court that it is not relying on a privilege log in support of its nondisclosure of responsive documents. (Doc. 53, at 3 n.1.)

this call, the Court advised counsel for both parties that it would require supplemental briefs on Plaintiff's motion, and entered an order setting deadlines by which such motions were to be filed. The parties have submitted their briefs and the discovery dispute is ripe for disposition. For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

## IV. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure supplies the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Issues relating to the scope of discovery permitted under the Rules are to be resolved, almost exclusively, at the discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's

6

decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manrizuez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

In addressing Plaintiff's motion, the Court will proceed to evaluate each of the requests for documents that are the subject of the motion.[4]

### A. Request No. 8 – All Documents Evidencing Construction of Operations and Maintenance Building

Defendant objected to this request on the bases that the request seeks documents that are both irrelevant to the subject matter of the action and are not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 46-2.) Nevertheless, Defendant represented in its initial responsive brief that it was seeking to locate documents that are related to the construction of the building and agreed to produce such documents to the extent they are not found otherwise objectionable. (Id.) In its supplemental brief, Defendant appears to retreat from this earlier representation, and argues simply that the request does not fall within the scope of permissible discovery under Rule 26(b)(1). (Doc. 52.)

---

[4] To the extent that Plaintiff's motion to compel goes beyond the requests that the Court has identified, the scope was not made clear in either of Plaintiff's briefs offered in support of its motion. The Court has focused solely on those requests that the parties identified specifically in their briefs as being in dispute.

7

Defendant notes that in the easement agreement Plaintiff acknowledged and consented to Defendant's wind energy projects and transmission facilities on the Property, including the O&M Building, and Defendant further admits to using the O&M Building. (Id.) Defendant submits that because there is no dispute between the parties regarding the O&M Building's existence or its use, the requested documents simply are not relevant to Plaintiff's claims regarding the fair market value of such use or whether Plaintiff is entitled to payment therefor. (Id.) In its supplemental brief, Plaintiff maintains only that the documents regarding the building's construction are relevant because there is a dispute among the parties regarding the placement of the O&M Building on the Property. (Doc. 50.)

In reviewing the amended complaint, it is somewhat difficult to perceive exactly what dispute Plaintiff claims to exist regarding the O&M Building's placement on the Property. The nearest the amended complaint comes to suggesting such a dispute over placement is found in paragraph 13(c), where Plaintiff avers that "the building on adjacent land occupies two acres of the best and most valuable portion of the Premises and prevents Plaintiff from using approximately 10 to 12 acres for hunting." (Am. Compl., ¶ 13(c).) The thrust of the amended complaint appears to be that Plaintiff believes Defendant is paying an inadequate amount for its use of the Property, in substantial part because the

agreed upon rent set forth in the easement agreement does not include amounts for Defendant's use of the O&M Building in connection with its wind energy projects and, perhaps, because Defendant is utilizing the building as some type of corporate headquarters or other building associated with its business on the Property.

Plaintiff's request for the production of documents relating to the O&M Building's construction is general in nature and its relation to Plaintiff's claims in the case is somewhat tenuous, but the Court cannot say that the requested documents necessarily are irrelevant to Plaintiff's claims and Defendant has failed to persuade the Court otherwise. To the extent that Defendant has within its possession non-privileged documents relating to the O&M Building's construction and placement on the Property, the Court will require that such documents be produced.

## B. Request No. 9 – All Documents Evidencing Digging of the Well on the Premises

Plaintiff seeks to compel production of documents that evidence the digging of a well on the Property and all documents evidencing water use on the Property – presumably by Defendant, its agents, or invitees – apparently because it has alleged that the easement agreement did not provide for the right to remove or

9

extract water from the Property, and Defendant's use of water would allegedly constitute a breach of the easement agreement. (Am. Compl., ¶ 12.) In its supplemental brief justifying this discovery request, Plaintiff avers generally that Defendant's use of water on the Property is "an element of damage . . . ." (Doc. 50, at 2.) For its part, Defendant argues that earlier in this action Plaintiff expressly agreed to withdraw its claims regarding the alleged loss of a pond on the Property. (Doc. 52, at 6.) Defendant also contends that Plaintiff's claims for damages in this case are restricted only to the alleged fair rental value of the O&M Building and land appurtenant thereto. (Id.)

Upon consideration, the Court agrees with Defendant that Plaintiff has abandoned its claim regarding the alleged loss of a pond on the Property. During oral argument before Magistrate Judge Blewitt, Plaintiff's counsel informed the Court that Plaintiff was withdrawing, among other claims, its claim that Defendant was responsible for the loss of a pond on the Property. On the basis of this representation, in its order entered May 29, 2009, the Court noted as follows:

> With respect to No. 16, i.e. Plaintiff's allegation that Defendant's use of water has caused a lowering of the water table and loss of a pond . . . Plaintiff's counsel represented to the Court that Plaintiff was withdrawing its loss of use of the pond claim, and thus this claim (¶ 13(g) of Plaintiff's Amended Complaint) is DEEMED WITHDRAWN by Plaintiff.

10

(Doc. 35, at 5.) On the basis of this withdrawal, and because Plaintiff's claims for damages are limited to alleged use of the O&M Building and responsibility for the alleged fair rental value thereof, the Court finds that Request No. 9 for documents relating to the digging of a well are irrelevant to Plaintiff's claims or defenses and are not otherwise reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court will deny Plaintiff's motion to the extent it asks the Court to compel Defendant to produce documents responsive to Request No. 9.

**C.     Request No. 10 – All Documents Evidencing Water Usage**

In addition to its request for documents regarding the digging of a pond on the Property, Plaintiff has requested that Defendant produce documents evidencing Defendant's use of water on the Property. In contrast to the Court's decision above regarding the irrelevance of Plaintiff's request for documents evidencing the digging of a pond, the Court cannot conclude the Plaintiff's requests for documents relating to water usage on the Property are irrelevant or otherwise not discoverable under Rule 26(b)(1).

In its objection to this request, Defendant again makes much of the fact that Plaintiff's claim regarding the loss of a pond has been withdrawn, and emphasizes that Plaintiff's claim in the case is restricted to the fair market value of the O&M Building and the appurtenant land. But the fact that Plaintiff's damages claim is

11

so limited does not mean that evidence regarding water usage generally is irrelevant; indeed, the amount of water Defendant, its agents, and invitees may use while on the Property or in the O&M Building could conceivably have a bearing upon the fair rental value alleged to be due in this case. The Court takes no position on whether such documents may ultimately prove relevant to Plaintiff's remaining claims, but the Court cannot say at this time that the request for information regarding water usage on the Property is irrelevant. Accordingly, to the extent Defendant is in possession of non-privileged documents responsive to Request. No. 10, the Court will direct that such documents be produced.

> **D.     Request No. 11 – All Documents Evidencing the Number of Persons Working on the Premises**
>
> **Request No. 12 – All Visitor Log Books**

Defendant objects to production of documents responding to Request Nos. 11 and 12 because it contends that the information is irrelevant to the remaining claim regarding the fair market rental value of the O&M Building and the appurtenant land. For its part, Plaintiff argues that documents responsive to these requests are potentially relevant to its claims because they would evidence breach of the easement agreement by showing that Defendant has exceeded the

permissible scope of using the O&M Building and by permitting the general public access to Plaintiff's land.

Upon consideration, the Court does not find that Defendant has clearly shown that Request Nos. 11 and 12 are irrelevant or otherwise outside the scope of discovery permissible under Rule 26(b). The Court can appreciate that evidence regarding the use of the O&M Building and the number of employees and visitors utilizing the O&M Building could conceivably have a bearing on Plaintiff's claims regarding the fair market value of Defendant's use of the building. Given the scarcity of information in either party's briefs in support of or opposition to this request, and given that the Court perceives that the requests may potentially be relevant to Plaintiff's claims, the Court will require Defendant to produce non-privileged documents in its possession to the extent they are responsive.

### D. Request No. 13 – All Photographs

Defendant objects to this request, arguing that it is overly broad. The Court agrees. Although Plaintiff may be entitled to discover certain photographic documents in support of its claims, the discovery request as drafted is plainly inadequate. Defendant's reasonable confusion about how to respond to the request is equaled or exceeded by the Court's, as Plaintiff has provided absolutely no focus, guidance, or other limitation to the scope of the request. The request

does not even indicate the subject of the photographs that are to be produced. Similarly, the request has no time limitation.[5] In sum, Request No. 13 is simply inappropriate and the Court will not enter an order compelling production of documents in response.[6]

Because the Court will extend the discovery period in this case for a period of 90 days, Plaintiff will not be foreclosed from again requesting that Defendant produce photographs that Plaintiff believes may be relevant to its claims or defenses in this case, or otherwise calculated to lead to the discovery of other admissible evidence. But if Plaintiff does propound such a request, it should be focused in terms of subject matter and limited in both scope and time period.

An order consistent with this memorandum follows.

---

[5] In its brief, Plaintiff offers its opinion that "[c]learly the requests only include the time Defendant has been in possession as any other time would not be relevant to Plaintiff's claims of action by Defendant while in possession of Plaintiff's land." (Doc. 44, at 2.) To the contrary, nothing about this particular request is "clear" and it is unreasonable for Plaintiff to expect that Defendant will be able to interpret the request in a way that comports with Plaintiff's own interpretation regarding its scope. It is Plaintiff that bears the obligation of propounding discovery requests that are reasonably capable of being accurately interpreted.

[6] Notwithstanding its objection to the request, Defendant represents that it has already produced 16 photographs that show, <u>inter alia</u>, vehicles on the property and the parking lot adjacent to the O&M Building. (Doc. 52, at 9.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PANTHER MOUNTAIN LODGE, INC., | : :<br>: Civil No. 3:08-CV-755<br>:<br>: (Judge Munley)<br>:<br>: (Magistrate Judge Carlson)<br>:<br>:<br>: |
| Plaintiff | |
| v. | |
| WAYMART WINDFARM, L.P., | |
| Defendant | |

## ORDER

AND NOW, this 10th day of November, 2009, upon consideration of Plaintiff Panther Mountain Lodge's motion to compel Defendant Waymart Windfarm, L.P. to produce documents in response to Plaintiff's discovery requests (Doc. 43); and the Court having addressed the motion with the parties during a conference call on September 14, 2009; and the Court having received initial and supplemental briefs from the parties in support of and opposition to the motion; and for the reasons more fully set forth in the memorandum filed herewith explaining the Court's decision; **IT IS HEREBY ORDERED THAT** the motion is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant shall produce non-privileged documents that are responsive to Request No. 8.

2. Defendant is <u>not required</u> to produce documents responsive to Request No. 9 regarding the digging of a well.

3. Defendant shall produce non-privileged documents that are responsive to Request No. 10.

4. Defendant shall produce non-privileged documents that are responsive to Request No. 11.

5. Defendant shall produce non-privileged documents that are responsive to Request No. 12.

6. Defendant is <u>not required</u> to produce documents responsive to Request No. 13, which requested the production of "[a]ll photographs."

7. The discovery period in this case is **EXTENDED** for a period of 90 days from today, until **February 16, 2010**. A revised case management order setting forth this and all other similarly adjusted pre-trial deadlines will issue.

<u>**S/MARTIN C. CARLSON**</u>
Martin C. Carlson
United States Magistrate Judge