IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PANTHER MOUNTAIN LODGE, INC.,** | : | No. 3:08cv755 |
| Plaintiff | : | (Judge Munley) |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| **WAYMART WINDFARM, L.P.,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Martin C. Carlson. The report and recommendation suggests that the court grant Defendant Waymart Windfarm, L.P.'s motion for summary judgment with respect to Plaintiff Panther Mountain Lodge, Inc.'s contract claims and deny it with respect to Waymart Windfarm's counterclaim for attorney's fees. Panther has filed objections to the report and recommendation and it is ripe for disposition.

**Background**

The background facts of this case are largely uncontested. Plaintiff owns a 160-acre parcel of land in Clinton Township, Wayne County, Pennsylvania. (Doc. 10, Am. Compl. ¶ 3). Plaintiff and defendant entered into an Easement Agreement allowing defendant to use the land for a wind energy project. (Id. ¶ 6). Included on the property is an operations and maintenance ("O&M") building. Plaintiff contends that defendant was not granted the right to use and occupy this building. Rather, plaintiff merely consented to its presence on the premises. (Id. ¶ 8).

Plaintiff filed suit alleging that defendant is in default on the easement agreement for the following reasons: a) defendant maintains an office in the O&M building; b) defendant caused a well to be drilled on the property; c) defendant's use of the building and its adjacent lands prevents

plaintiff from using approximately ten to twelve acres for hunting; d) defendant has permitted the general public access and use of the property; e) defendant failed to remove a trailer, equipment and machinery after completion of construction; f) defendant did not provide gates that were required by the easement agreement; g) defendant's use of water has lowered the water table and consequent loss of a pond which had been on the property; and h) the guaranty for removal of the improvements on termination of the agreement is inadequate. (Id. ¶ 13).

Plaintiff asserts that the fair market value for the rent on the O&M building and its appurtenant land is $4,500.00 per month. (Id. ¶ 14). As damages for the defendant's "default" of the agreement, plaintiff seeks $220,500.00, the total rent due up to the filing of the amended complaint, and $4500.00 for each month thereafter. (Id. ¶ 14).

In the alternative, plaintiff raises issues regarding a second easement agreement that was entered into between the parties. Plaintiff alleges that this agreement was executed by the plaintiff under duress and is a void contract of adhesion. (Id. ¶ 20). Plaintiff seeks the same damages under this theory.

Defendant filed an answer to the complaint and a counterclaim that seeks attorney fees. (Doc. 18).

During a telephone conference with the magistrate judge, the plaintiff indicated that it was withdrawing its contract of adhesion claim. Thus the court issued an order deeming it withdrawn. (Doc. 35, Order of Court dated May 29, 2009). The sole remaining claim, therefore, is the claim that the defendant breached the easement agreement with regard to the O&M building.

At the close of discovery, the defendant moved for summary judgment. Magistrate Judge Carlson issued a report and recommendation suggesting that summary judgment should be granted to the defendant on the breach of contract claim, but denied on the counterclaim for attorney's fees. Plaintiff filed objections to the report and recommendation with regard to the contract claim, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332 as the plaintiff and defendant are citizens of different states. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The instant report and recommendation analyzes a motion for summary judgment. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

This case involves the interpretation of a contract, the easement agreement between the plaintiff and the defendant. The issue is whether

the defendant has authority to utilize the O&M building and the appurtenant land in the manner that it has been using it or whether such use is a breach of the contract. Magistrate Judge Carlson found that the contract is unambiguous and thus its interpretation is a matter of law for the court to determine. He found that the language of the contract provides the defendant with the right to engage in "Development Activities," including using, maintaining and operating wind turbines, control buildings, maintenance yards and related facilities and equipment. (Doc. 74, Report and Recommendation at 9). The magistrate judge concluded that the language covered the defendant's activities of which plaintiff complained. (Id.) He further concluded that the plaintiff advanced no alternative meaning of the contract language. He found that the plaintiff's position - that the agreement allowed for placement of the O&M building, but forbids any use of the building - is commercially unreasonable. (Id. at 10). He thus recommends summary judgment be entered in defendant's favor on the breach of contract claim.

Neither party objected to this analysis provided by the magistrate judge. Therefore, in order to decide whether to adopt the report and recommendation, we must determine whether a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); 28 U.S.C. § 636(b)(1). We find no plain error or manifest injustice in the ruling that defendant acted within the bounds of the contract by utilizing the O&M building as it did.

5

The magistrate judge also recommends denying defendant's counterclaim for attorneys' fees. Neither party objected to this recommendation either. We will adopt this recommendation as we find no plain error or manifest injustice.

Plaintiff did, however, file objections to the report and recommendation. Plaintiffs objections lists several ways in which the defendant breached the easement separate from the claims regarding the O&M building. (Doc. 75, Objections). For example, the objections assert (with no citation to the record) that defendant did not post a sufficient bond to remove the wind turbines upon termination of the agreement; that defendant allowed the general public to visit the property; that defendant improperly used well water; and that defendant did not timely pay real estate taxes. (Id.)

These objections do not address the substance of the report and recommendation, or the amended complaint. The complaint and the report and recommendation address the claim of whether defendant breached the agreement by utilizing the O&M building. These other issues are not addressed and damages for them are not sought in the Amended Complaint. The only damages sought are for the rent allegedly owed for the building.

Accordingly, we find the plaintiff's objections to the report and recommendation unconvincing, and they will be denied.[1] We will adopt the

---

[1]Plaintiff raised similar issues in its "Reply to Defendant's Supplemental Motion for Summary Judgment" (Doc. 69). The magistrate judge pointed out that they were "not material to the claims and defenses actually at issue in the litigation[.]" We agree. Our conclusion does not mean that plaintiff has no valid breach of contract claim with regard to

report and recommendation, grant judgment for the defendant on plaintiff's complaint and deny summary judgment on the counterclaim.[2] An appropriate order follows.

---

these issue. Rather, we find that these issues are not properly raised in this case which deals with rents allegedly due for the use of the O&M building.

[2]Finding that judgment is not appropriate for the defendant on the counterclaim leaves no issues left for trial, and we will close this case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| PANTHER MOUNTAIN LODGE, INC., | : | No. 3:08cv755 |
| --- | --- | --- |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WAYMART WINDFARM, L.P., | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2010, it is hereby **ORDERED** as follows:

1) Defendant's objections (Doc. 79) are **OVERRULED** and the report and recommendation (Doc. 74) is **ADOPTED**;

2) The defendant's motion for summary judgment (Doc. 56) is **GRANTED**; and

3) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**